# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| Keys | Civil Action No. 6:15-cv-01228 |
| versus | Judge Richard T. Haik, Sr. |
| Energy XXIGOM LLC | Magistrate Judge Carol B. Whitehurst |

### REPORT AND RECOMMENDATION

This matter came before the undersigned on September 2, 2015, when Defendant, Energy XXIGOM LLC ("Energy 21") filed a Motion To Compel Plaintiff, Jermaine Keys', deposition. *R. 15*. On July 14, 2015, the undersigned's predecessor, Magistrate Judge C. Michael Hill, allowed Plaintiff's attorneys to withdraw from his representation and Plaintiff proceeded *pro se*. *R. 14*.

In its motion, Energy 21 represented that Plaintiff was provided notice of his deposition originally scheduled for August 21, 2015, via certified mail sent on July 15, 2015. Plaintiff, however, failed to attend the deposition. *R. 15*. The record contains counsel for Energy 21's Proces-verbal taken by the court reporter on Friday, August 21, 2015, as well as a copy of the certified mail return receipt establishing that Plaintiff received notice of the deposition. *R. 15-2, 15-3*.

Energy 21 rescheduled the deposition for October 15, 2015 and certified that it had provided Plaintiff notice of the deposition via U.S. mail and also by private process for service at his last know address as stated in the record. *R. 15-4*. Energy 21 also filed the motion before the Court, moving the Court to conduct a telephone conference in order to compel Plaintiff to appear for his October 15, 2015 deposition. *R. 15, 18*.

The undersigned scheduled a telephone conference with all parties, to be

conducted on October 8, 2015 at 10:00 a.m. Energy 21 was ordered to arrange and initiate the conference. *R. 19*. The Court ordered the Clerk of Court to serve Plaintiff with notice of the order setting the telephone conference via certified mail at his address provided in the record. *R. 19*. The Court specifically ordered that Plaintiff's failure to attend the conference "may result in this Court ordering a Rule to Show Cause Hearing as to why his case should not be dismissed." *Id.* The record contains the certified return receipt demonstrating service was made on Plaintiff. *R. 20*.

The Court conducted the telephone conference as scheduled. *R. 21*. Plaintiff failed to attend the conference despite Energy 21's counsel's representation to the Court that she had spoken with Plaintiff the week before and he confirmed to her that he had received notice of the telephone conference. *Id.* Counsel further represented that upon calling Plaintiff's telephone number to initiate the telephone conference a recording stated that the number was "disconnected." *Id.* She also tried to initiate the conference by calling the telephone number from which Plaintiff had called her the week before, however, no one answered and counsel left a message. *Id.*

The undersigned set this hearing and ordered Energy 21 to serve Plaintiff with notice. *Id.* During the hearing, counsel for Energy 21 represented that Plaintiff did not attend his October 15, 2015 deposition. A copy of the Proces-verbal verifying that Plaintiff failed to attend the October 15, 2015 deposition, and a copy of the certified mail form sent to Plaintiff's address[1] but never signed for, were admitted into the

---

[1] The certified mail was sent to the same address in the record as the previous certified mail sent and received by Plaintiff.

record. *R. 24-1, 24-2.*

A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981); *Edwards v. Harris County Sheriff's Office*, 864 F.Supp. 633, 637 (S.D.Tex.1994). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988); *Birl*, 660 F.2d at 593.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute or failure to comply with a court order. *Slack v. McDaniel*, 529 U.S. 473 (2000). The dismissal may be on motion or *sua sponte*. *McCullough v. Lunaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Martin v. Pearson*, 405 Fed. Appx. 859, 860 (5th Cir. 2010). Unless the dismissal order states otherwise the dismissal shall operate as an adjudication on the merits. Fed. R. Civ. P. 41(b). Dismissals with prejudice for failure to prosecute should be issued only when there is a clear record of delay or contumacious conduct by the plaintiff and the record shows that the court employed lesser sanctions that proved to be futile. *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir.1992).

Based on the continued failure of Plaintiff, Jermaine Keys, to prosecute his case and to comply with this Court's orders, the record clearly provides Plaintiff's purposeful delay or contumacious conduct. Therefore, the undersigned recommends that this case be dismissed with prejudice and that the May 16, 2016 jury trial of this

matter be upset.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plan error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Lafayette, Louisiana, this 22nd day of October, 2015.

*(signature)*

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE